DOUCET, Judge.
MOTION TO DISMISS
This is an appeal from a judgment sustaining a previous award for alimony pen-dente lite and further cumulating past ar-rearages of $1500.00 per month for a period of eighteen months and making said arrear-ages executory in the amount of $19,980.00. The judgment also accumulates and makes executory past due child support payments, said total coming to $6,000 plus legal interest. The judgment also reduces the child support payments from $750.00 per month to $650.00 per month, orders the defendant-in-rule, Huey Lynch, to pay the plaintiff-in-rule, Shirley Haddad Lynch, $350.00 in attorneys fees, and to pay all other court costs.
Judgment in this matter was signed on January 31, 1983 and notice to the parties filed on February 3, 1983. The devolutive appeal of the defendant-in-rule was filed on March 17, 1983.
By order of the Clerk of Court for the Court of Appeal, Third Circuit State of Louisiana, dated March 18, 1983, the appellant was ordered to show cause within 15 days of said order, why appellant’s appeal should not be dismissed as having been untimely perfected. C.C.P. Article 3943.
The appellant failed to reply to this order, and thus his appeal is dismissed at appellant’s cost.
Code of Civil Procedure Article 3943 provides that an appeal from a judgment awarding alimony can be taken only within the 30 day delay provided by C.C.P. Article 3942.
Appellant’s Petition for Devolutive Appeal cited as specification of errors:
1.
“That the January 10, 1983 judgment herein did not allow credits alleged due against the award of alimony pendente lite.
2.
That the award of alimony pendente lite is excessive. Petitioner desires to appeal devolutively from the final judgment rendered in the above cause on the judgment rendered January 10, 1983 signed January 31, 1983.”
Both of these specifications relate to the award of alimony as contemplated by C.C.P. Article 3943. Appellant did not cite as error the court’s casting appellant in arrears for alimony and child support payments. Had he done so, the sixty day delay would have applied as to this issue. However, the appellant having cited as error the court’s award of alimony and failure to allow credits, and failing to' perfect said appeal within the thirty day delay set by C.C.P. Article 3943, this appeal is dismissed at appellant’s cost.
APPEAL DISMISSED.